**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas A. Henkels, a single man, | No. CV 11-0299-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| J. P. Morgan Chase, Assignee of the FDIC, as Receiver for Washington Mutual Bank; Chase Home Finance, LLC, division of JPMorgan Chase Bank, N.A.; Wells Fargo Bank, N.A.; Bank of America, N.A.; California Reconveyance Company, a California corporation ("CRC"); Mortgage Electronic Registration Systems ("MERS"), a Delaware Corporation; MERSCORP, a Delaware Corporation; and the Trustee for the Investors in a Mortgage Backed Security into which Plaintiff's home mortgage loan has been placed, | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss (Dkt. 13) filed by Defendants JPMorgan Chase Bank, N.A. ("Chase"), as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation ("FDIC") acting as receiver, Chase Home Finance ("CHF"), and California Reconveyance Company ("CRC"; together with Chase and CHF, the "Moving Defendants"). For the reasons set forth below,

the Motion to Dismiss will be granted.[1]

## I.     BACKGROUND

On or about October 20, 2006, Plaintiff executed a promissory note in the amount of $1,820,000, in connection with a loan from Washington Mutual Bank, FA ("WaMu").[2] (Compl., Dkt. 1-1, ¶ 10.)  The promissory note[3] was secured by a Deed of Trust recorded against the property located at 11177 East Ironwood Drive, Scottsdale, Arizona 85259 (the "Property").  (Dkt. 1-1, ¶¶ 2, 8.)  The Deed of Trust was executed by Plaintiff, as borrower, in favor of CRC, as trustee, for the benefit of WaMu, as lender and beneficiary.  (Dkt. 13-1, Ex. A; Dkt. 26, Ex. A.)[4]  Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), is not named anywhere in the Deed of Trust.  (*See id.*)  After the loan was made, Chase acquired certain assets of WaMu, including Plaintiff's loan, by virtue of WaMu being placed into receivership by the FDIC.  (Dkt. 1-1, ¶ 3; Dkt. 13-1, Ex. C.)

On July 23, 2009, Chase, as successor in interest to WaMu, recorded an Assignment of Deed of Trust, which assigned all beneficial interest in the Deed of Trust to Defendant

---

[1] To the extent that some of Plaintiff's claims are not asserted against Moving Defendants, the Court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. U.S. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *see Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008).

[2] Contrary to the repeated reference to "Defendant Wa Mu" in the Complaint (*see e.g.*, Dkt. 1-1, ¶¶ 10, 107, 120, 126, 151), WaMu is not named as a defendant in this action, nor is the FDIC, as the appointed receiver for WaMu.

[3] Although Plaintiff claims to have attached a copy of the promissory note to Plaintiff's Response to Defendants' Motion to Dismiss (Dkt. 26, Ex. B), Plaintiff has, in fact, attached the "Fixed/Adjustable Rate Rider" to his response.  This rider is an attachment to the Deed of Trust, and is not a promissory note.  (*See* Dkt. 26, Ex. A).

[4] A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Because the exhibits to the Motion to Dismiss are public records, the Court may properly take judicial notice of the undisputable facts contained in these documents.  *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

1  Bank of America, N.A. ("BOA"). (Dkt. 13-1, Ex. B; Dkt. 26, Ex. D.) Subsequently on July
2  23, 2009, CRC, as trustee under the Deed of Trust, recorded a Notice of Trustee's Sale,
3  which scheduled the sale of the Property for October 23, 2009. (Dkt. 1-1, ¶ 20; Dkt. 1-1, Ex.
4  B to Plaintiff's Application for Issuance of Temporary Restraining Order.) The Notice of
5  Trustee's Sale describes the present beneficiary under the Deed of Trust as BOA, c/o Chase,
6  and lists the current trustee as CRC. (*Id.*) Plaintiff does not dispute that he was in default
7  of his payment obligations when the Notice of Trustee's Sale was recorded by CRC. The
8  trustee's sale of the Property has been postponed through April 27, 2011. (Dkt. 15; Dkt. 17.)

9  Neither MERS, nor Defendant Wells Fargo Bank, N.A., appear on any of the loan
10 documents. Additionally, none of the loan documents refer to "Bank of America and Wells
11 Fargo Bank, N.A. as Sponsor and Service of Wells Fargo Home Equity Asset Backed
12 Security 2006-2."[5]

13 Plaintiff filed suit in Maricopa County Superior Court on February 7, 2011. (Dkt. 1-
14 1.) The Complaint raises claims for breach of contract, payment/satisfaction of promissory
15 note, negligent misrepresentation, concealment and non-disclosure, and tort/appraisal fraud,
16 and seeks injunctive and declaratory relief, and compensatory and punitive damages. (*Id.*)
17 Plaintiff also filed an application seeking a temporary restraining order to enjoin the trustee's
18 sale, and an ex parte temporary restraining order was granted by the Maricopa County
19 Superior Court on February 7, 2011.[6] (*Id.*) The case was removed to the district court on
20 February 14, 2011. (*Id.*)

21 **II.    LEGAL STANDARDS**

22

23     [5] Plaintiff appears to rely on Exhibit C to Plaintiff's response as authority for his
24 allegations that Plaintiff's loan was securitized in the Wells Fargo Home Equity Asset-
   Backed Securities 2006-2 Trust. (Dkt. 26, Ex. C.) The document attached as Exhibit C is
25 not part of the public record; therefore, the Court will refrain from taking judicial notice of
   its contents.
26

27     [6] Contrary to the Plaintiff's assumption that the temporary restraining order remains
   in place (Dkt. 26 at p. 6), on February 25, 2011, the Court informed the parties that it deemed
28 the temporary restraining order expired (Dkt. 17).

- 3 -

The Motion to Dismiss has been filed under various provisions of Federal Rules of Civil Procedure. The legal standards the Court will apply in granting the Motion to Dismiss are set forth below.

### A. Rule 8 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). "Each allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *Id.* at 1179. A complaint having the factual elements of a cause of action present, but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

### B. Rule 9(b) of the Federal Rules of Civil Procedure

With respect to Plaintiffs' allegations of fraud, Rule 9(b) governs the pleading standard. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

- 4 -

Further,

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.

*Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (quotations and citations omitted).

### C.     Rule 12(b)(6) of the Federal Rules of Civil Procedure

The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two reasons: (1) lack of a cognizable legal theory; and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must meet the requirements of Rule 8. Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

1  In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts 2 alleged in a complaint in the light most favorable to the drafter of the complaint, and the 3 Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 4 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal 5 conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that 6 contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

## III. ANALYSIS OF MOTION TO DISMISS

8 Chase, CHF and CRC have moved to dismiss the Complaint, because it fails to state 9 a claim upon which relief may be granted. The Court agrees, and finds that Plaintiff has 10 failed to plead any plausible causes of action. Additionally, the Court agrees with Moving 11 Defendants that the allegations in the Complaint fail to meet the requirements of Rule 8, 12 because they are not short, plain or concise. Further, the allegations o fraud throughout the 13 Complaint fail to satisfy the particularity requirement of Rule 9(b).

### A. Rule 8 Pleading Deficiencies

15 Plaintiff's claims are convoluted and disorganized, and fail to comply with Rule 8 for 16 a variety of reasons. For example, the Complaint includes many speculative statements on 17 which claims are based. (*E.g.*, Dkt. 1-1, ¶¶ 27, 111) ("In the event that the original of the 18 Promissory Note signed by the Plaintiff/Borrower/Trustor Henkels, has been lost . . ." and 19 "In the event that such a Credit Default Swap or Swaps or Credit Enhancement Devices have 20 in fact been purchased . . . "). The Complaint is also filled with legal conclusions couched 21 as factual allegations (*e.g.*, *id.* ¶ 21) ("It is hornbook law that an original lender's beneficial 22 interest in a Promissory Note secured by a Deed of Trust cannot be transferred from the 23 original lender to a successor lender without an endorsement . . . ."), as well as broad 24 indictments of the lending industry as a whole (*e.g.*, *id.* ¶ 43) ("[MERS] is used by 25 participants in the residential mortgage lending industry and by others who are members of 26 MERS, in part, as a vehicle designed to save money for its members by circumventing the 27 recording laws and statutes of all fifty (50) states including the recording laws of the State 28 of Arizona thereby depriving local county recorders offices in Arizona and throughout the

1  country of over two billion dollars of revenue since the creation of MERS"). Additionally,
2  the Complaint contains repetitive allegations. (*E.g.*, *id.* ¶¶ 13, 16) ([MERS] played a role in
3  the series of mortgage related transactions leading up to the present efforts by the Defendant
4  [CRC]" and "[MERS] played a role in the series of mortgage related transactions leading up
5  to the present efforts by one or more of the Defendants"). Finally, the Complaint contains
6  a bewildering page-long digression regarding an article in the *Wall Street Journal* about the
7  Mortgage Bankers Association, an entity that is not a party to this action. (*Id.* ¶ 91) ("[T]he
8  two-faced/hypocritical members of the Mortgage Bankers Association . . . have in fact
9  stopped making the monthly payments on the mortgage securing the Mortgage Bankers
10 Association's own newly constructed ten-story commercial office building in the heart of
11 downtown Washington, D.C. for which the Mortgage Bankers' Association paid $79 million
12 dollars in 2007.").

13       As a result of these issues, as well as other pleading deficiencies discussed below, the
14 Court finds the Complaint fails to comply with the short and plain pleading requirements in
15 Rule 8 of the Federal Rules of Civil Procedure.

16       **B.**    **Factual Inaccuracies**

17       In addition to the pleading defects set forth above, the Complaint is also replete with
18 factual inaccuracies that suggest Plaintiff's counsel has failed to tailor a form complaint to
19 the facts involving this specific client. For example, many pages of the 53-page Complaint
20 are spent describing and condemning the MERS system (*id.* ¶¶ 16–17, 30–46), and the
21 Complaint even contains the blatantly untruthfully allegation that "MERS is not shown
22 anywhere in the records on file in the Office of the Maricopa County Recorder, *other than*
23 *on the Deed of Trust*, as the nominee of the Plaintiff's original Lender and as the alleged
24 'beneficiary' under the Deed of Trust . . . ." (*Id.* ¶ 17) (emphasis added). MERS is not
25 named in the Deed of Trust, and does not appear in the chain of title. Plaintiff's loan is not
26 a MERS loan, and the loan is not in the MERS system.

27       Moving Defendants have alerted the Court to another factual inaccuracy in the
28 allegations. The Complaint inexplicably includes repeated reference to "CRC, the purported

Successor Trustee," and allegations regarding the appointment of "CRC as Successor Trustee." (*E.g.*, *id.* ¶¶ 18, 49, 68, 73, 105, 137, 145.) CRC is the original trustee named in the Deed of Trust, and CRC is the trustee initiating the trustee's sale of the Property. There is no evidence of an appointment of a successor trustee in the chain of title, and the allegations that an unknown or unauthorized principal appointed CRC as a successor trustee are factually inaccurate.

These factual inaccuracies raise questions concerning Plaintiff's counsel's compliance with Rule 11 of the Federal Rules of Civil Procedure.[7] Moving Defendants point out these factual inaccuracies in the Motion to Dismiss; however, Plaintiff does not address, much less acknowledge, the inaccuracy of these facts in his response.

### C. "Show Me the Note" Allegations

Most of Plaintiff's allegations seem to be premised on variations of the "show me the note" theory and arguments that the promissory note was not been produced in contravention of the Arizona Uniform Commercial Code (the "UCC").[8] The Complaint contains numerous allegations regarding Defendants' failure to produce loan documents, particularly the original promissory note. (*E.g.*, Dkt. 1-1, ¶¶ 47–49, 55, 96, 102, 124–25.) Despite protestations that the Complaint is not based upon a "show me the note" argument (Dkt. 26 at p. 3), Plaintiff goes on to argue in his response that none "of the Defendants ever demonstrated that the original Note has ever been endorsed by Wa Mu or by JPMorgan Chase Bank" (*id.* at p. 10).

---

[7] This is not the first time that a court has dismissed a complaint filed by Plaintiff's counsel for failing to comply with Rule 8 of the Federal Rules of Civil Procedure. Moving Defendants have brought cases to the Court's attention, and the Court has found other similar court orders that have cited many of the same pleading deficiencies that are cited in this Order. *See e.g.*, *Warren v. Sierra Pac. Mortgage Servs. Inc. FN*, CV-10-2095-PHX-NVW, 2011 WL 15296957 (D. Ariz. Apr. 22, 2011); *Grennell v. EMC Mortgage Corporation*, CV-09-02148-PHX-ROS (Dkt. 40) (D. Ariz. Nov. 5, 2010); *Minker v. Wash. Mutual Bank, N.A.*, CV2009-026427 (Maricopa County Super. Ct. Sept. 2, 2010).

[8] The first 25 pages of the Complaint appear to be general allegations, and not independent causes of action. Many of these allegations relate to the "show me the note" theory and alleged issues with the chain of title.

- 8 -

1  This is clearly the "show me the note" theory, which, as Plaintiff acknowledges has been
2  rejected by courts in Arizona (*id.* at p. 3.):

> [D]istrict courts "have routinely held that Plaintiff's 'show me the note' argument lacks merit." Furthermore, Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings. Because this action involves the non-judicial foreclosure of a real estate mortgage under an Arizona statute which does not require presentation of the original note before commencing foreclosure proceedings, count one of plaintiff's complaint fails to state a claim upon which relief may be granted.

*Diessner v. Mortgage Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1184, 1187–88 (D. Ariz. 2009) (citing *Mansour v. Cal Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009)).

With respect to the allegations concerning compliance with the UCC, the District Court has previously stated:

> The Deed of Trust is not an unconditional promise to pay a fixed amount of money, is not payable to bearer or to order, is not payable on demand or at a definite time, and states numerous acts that the Plaintiffs promised to do in addition to paying money. The Deed of Trust, therefore, is not an "instrument" under the Arizona Uniform Commercial Code – Negotiable Instruments.
>
> The Court does not decide whether the Note is an "instrument" under A.R.S. § 47-3104(A) because the Trustee's Sale that Plaintiffs seek to have declared void was conducted pursuant to the Trustee's power of sale, not as an action to enforce the Note. Also, it is unnecessary to decide whether Defendants satisfy the qualifications of a "person entitled to enforce" an instrument under A.R.S. § 47-3301 because Defendants did not "enforce an instrument" by conducting a Trustee's Sale.

*Contreras v. U.S. Bank*, CV-09-0137-PHX-NVW, 2009 WL 4827016, at *5 (D. Ariz. Dec. 15, 2009).

Plaintiff argues that the facts in this case are distinguishable from the cases decided by the courts in the District of Arizona. However, Plaintiff does not identify how the facts in this case differ from the numerous District of Arizona cases concluding that the "show me the note" theory and UCC-related arguments are not cognizable legal theories. Plaintiff's reliance on case law from judicial foreclosure states is inapposite in a non-judicial foreclosure state, such as Arizona. The Arizona Supreme Court has explained this distinction: "Unlike their judicial foreclosure cousins that involve the court, deed of trust

1 sales are conducted on a contract theory under the power of sale authority of the trustee. 2 They are therefore held without the prior judicial authorization ordered in a mortgage 3 foreclosure." *In re Krohn*, 52 P.3d 774, 777 (Ariz. 2002). The Arizona statutes governing 4 the sale of foreclosed property through a trustee's sale do not specifically require that the 5 foreclosing party produce a physical copy of the original Promissory Note. *See* A.R.S. § 33-6 807(A) ("[A] power of sale is conferred upon the trustee of a trust deed under which the trust 7 property may be sold . . . after a breach or default in performance of the contract or contracts 8 for which the trust property is conveyed as security, or a breach or default of the trust 9 deed.").

10 Accordingly, Plaintiff's allegations relating to the "show me the note" theory and 11 UCC-related arguments will be dismissed for lack of a cognizable legal theory. *See* 12 *Balistreri*, 901 F.2d at 699.

### D. Allegations Against MERS

14 As stated above, Plaintiff's loan is not in the MERS system. Therefore, allegations 15 regarding MERS's involvement in the assignment of the loan documents and the trustee's 16 sale are without factual basis, and cannot support a claim upon which relief can be granted.

17 Even assuming MERS had any involvement whatsoever with Plaintiff's loan, Plaintiff 18 fails to state a cognizable claim against MERS for which relief can be granted. Plaintiff's 19 allegations against MERS appear to be that MERS lacked the right to authorize anyone to 20 conduct a non-judicial trustee's sale of the Property, because the promissory note and the 21 Deed of Trust were not properly assigned. Plaintiff's unsupported challenge to the 22 legitimacy and authority of the MERS system and its speculative assertion that MERS did 23 not have authority to assign the Deed of Trust have repeatedly been rejected by district courts 24 in the District of Arizona. *See, e.g.*, *Warren v. Sierra Pac. Mortgage Servs. Inc. FN*, CV-10-25 2094-PHX-NVW, 2011 WL 1526957, at \*5 (D. Ariz. Apr. 22, 2011) (citing *Kane v. Bosco*, 26 CV-10-1787-PHX-JAT, 2010 WL 4879177, at \*12 (D. Ariz. Nov. 23, 2010) and *Cervantes* 27 *v. Countrywide Home Loans, Inc.*, CV-09-0517-PHX-JAT, 2009 WL 3157160, at \*10 (D. 28 Ariz. Sept. 24, 2009)).

1  Although the chain of title does not indicate that Plaintiff's loan was securitized, Plaintiff attempts to assert a claim for Defendants' purportedly unauthorized and/or unnoticed securitization of Plaintiff's loan. These securitization claims relate to Plaintiff's allegations that MERS assigned the Deed of Trust to a mortgage backed security. Plaintiff has cited no authority for the assertion that securitization has had any impact on Plaintiff's obligations under the loan, and district courts in Arizona have rejected similar arguments. *See, e.g.*, *Warren*, 2011 WL 1526957, at *6; *Colonial Savs., FA v. Gulino*, CV-09-1635-PHX-GMS, 2010 WL 1996608, at *4 (D. Ariz. May 19, 2010).

### E.  Unconstitutionality of A.R.S. § 33-811(B)

Although not enumerated as a cause of action in the Complaint,[9] Plaintiff seeks to challenge the constitutionality of the "conclusive presumption" in A.R.S. § 33-811(B), which provides, in relevant part:

> The trustee's deed shall raise the presumption of compliance with the requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, mailing, publishing and posting of notice of sale and the conduct of the sale. A trustee's deed shall constitute conclusive evidence of the meeting of those requirements in favor of purchasers or encumbrancers for value and without actual notice. Knowledge of the trustee shall not be imputed to the beneficiary.

A.R.S. § 33-811(B). In this preemptive challenge to the constitutionality of A.R.S. § 33-811(B), Plaintiff alleges that the conclusive presumption violates "the Distribution of Powers section of the Arizona Constitution contained in Article 3 and Article 4, pt. 2, Section 19(5) thereof." (Dkt. 1-1 ¶ 68.) Because the trustee's sale has not occurred, the issuance of a trustee's deed is only speculative in nature. (*Id.* ¶¶ 67–68.) "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009)

---

[9] The Complaint is missing a "Count One." The first 18 pages of the Complaint contain various headings (A. through G.) that do not purport to be independent causes of action. However, the Court will treat paragraphs 67 through 79, under the heading "G. Unconstitutionality of A.R.S. § 33-811(B)" as Count One of the Complaint.

- 11 -

1  (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)); *see also Warren*, 2011 WL
2  1526957, at *4.

3  Regardless of the preemptive nature of the challenge, Plaintiff's allegations concern
4  the MERS registration system and the appointment of a successor trustee. (Dkt. 1-1, ¶¶
5  69–70, 72–73.) As previously stated, Plaintiff's loan is not in the MERS system, and CRC
6  is the original trustee named on the Deed of Trust, not a successor trustee. Therefore, any
7  allegations with respect to the effect of the MERS system and the appointment of a successor
8  trustee are without factual basis, and cannot support a cause of action upon which relief can
9  be granted.

10  **F.    Counts Two and Three - Injunctive and Declaratory Relief**

11  In Counts Two and Three of the Complaint, Plaintiff attempts to state claims for
12  injunctive and declaratory relief. However, injunctive and declaratory relief are remedies for
13  underlying causes of action, and not independent causes of action. Plaintiff must base his
14  requests for injunctive and declaratory relief on a cognizable legal theory.[10] For the reasons
15  discussed in this Order, Plaintiff has failed to sufficiently plead any underlying cause of
16  action that would entitle him to either of these equitable remedies.

17  **G.    Count Four - Breach of Contract**

18  Plaintiff attempts to assert a claim for breach of contract in Count Four of the
19  Complaint, and refers briefly to the breach of the covenant of good faith and fair dealing.
20  However, none of the allegations in the Complaint set forth a claim upon which relief can

---

[10] The Eleventh Circuit explained:

> [A]ny motion or suit for a traditional injunction must be predicated upon a cause of action, such as nuisance, trespass, the First Amendment, etc., regarding which a plaintiff must show a likelihood or actuality of success on the merits. There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed.R.Civ.P. 12(b)(6) (failure to state a claim).

*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).

1  be granted.

2  To the extent Plaintiff's breach of contract claim relies on the theory that CRC was
3  appointed as a trustee by a "principal" with no authority and in the absence of a recorded
4  document (*id.* ¶¶ 99–101, 103–106), these claims are factually inaccurate. As set forth
5  above, CRC was appointed as the trustee in the Deed of Trust, and CRC is the trustee
6  initiating the non-judicial foreclosure proceedings. The Deed of Trust itself provides the
7  express authority for CRC to conduct a trustee's sale of the Property. Contrary to Plaintiff's
8  allegation (*id.* ¶ 105), there are no gaps in the chain of title with respect to the appointment
9  of CRC as the trustee. Further, there are no gaps in the chain of title concerning the
10 assignment of the beneficiary's interest in the Deed of Trust.

11 Plaintiff also re-alleges the "show me the note" theory and UCC-related arguments
12 in Count Four. (*Id.* ¶ 102.) As discussed above, these arguments do not support a claim
13 upon which relief can be granted. Further, Plaintiff has not alleged what contract was
14 breached by either the alleged failure to produce the promissory note, or the assignment and
15 purported securitization of the loan.

16 Finally, in the general allegations at paragraphs 53 and 54, Plaintiff alleges that
17 Defendants, seemingly CHF, breached the Deed of Trust by failing to comply with the notice
18 provisions in section 22 of the Deed of Trust. (*Id.* ¶ 53–54.) Specifically, the "Statement of
19 Breach or Non-Performance" sent to Plaintiff by CHF "was required to contain a notice to
20 the Plaintiff of his 'right to bring a court action to assert the non-existence of a default or an
21 other defense of borrower to acceleration and sale,'" which the statement allegedly did not
22 contain. (*Id.* ¶ 53.) In order to state a claim for breach of contract, a plaintiff must allege the
23 existence of a contract between the plaintiff and the defendant, a breach of the contract by
24 the defendant, and resulting damage to the plaintiff. *Chartone, Inc. v. Bernini*, 83 P.3d 1103,
25 1111 (Ariz. App. 2004). Plaintiff failed to, and cannot at this time, allege damages stemming
26 from this alleged breach of the Deed of Trust. Plaintiff exercised his right to bring suit
27 challenging the non-judicial foreclosure sale, and had an opportunity to cure his payment
28 default. Because the trustee's sale, originally scheduled for October 23, 2009, did not occur

1 as scheduled, Plaintiff did not suffer damages from Defendants' alleged breach of
2 notification obligations under the Deed of Trust.

### H. Count Five - Payment/Satisfaction of Promissory Note

Plaintiff's fifth cause of action alleges that Defendants may have "purchased and collected the proceeds under one or more Credit Default Swaps or other Credit Enhancement Devices issued by an insurer whose name is unknown to Plaintiff," and in such event, Defendants "[have] been paid in full thereby extinguishing the debt represented by the Promissory Note signed by the Plaintiff." (Dkt. 1-1, ¶¶ 110–11.)

First, this claim is based entirely on speculation. Plaintiff admits that he does not know if Defendants purchased a credit default swap, or if proceeds were received in connection with the financial instrument. (*Id.* ¶¶ 110–11, 113–14.) Second, Plaintiff misunderstands the nature and purpose of a credit default swap.

A credit default swap is a financial instrument, similar to insurance, used by corporations to transfer credit risk from one party to another. To the extent a credit default swap pays money owed to a lender when a borrower defaults on a loan, the benefit does not accrue to the borrower, as Plaintiff suggests in Court Five of the Complaint. *See Dumont v. HSBC Mortgage Corp., USA*, No. CV 10-1106, 2010 WL 3023885, at *6 (D. Ariz. Aug. 2, 2010) (citing PBS.org, Frontline: Inside the Meltdown: Individual Borrowing Lesson: Glossary of Financial Terms: Credit Default Swap, http://www.pbs.org/wgbh/pages/frontline/teach/meltdown/glossary.html (last visited June 14, 2011)). Therefore, even if one of the Defendants received proceeds from a credit default swap when Plaintiff defaulted on his loan, Plaintiff is not entitled to the cancellation of the loan.

Further, to the extent that Plaintiff seeks to quiet title to the Property, Plaintiff has failed to allege that he has satisfied his loan obligations and, therefore, is entitled to the release of the Deed of Trust. Additionally, Plaintiff has not indicated that he is ready, willing and able to tender the full amount owed on the loan. Thus, Plaintiff is not entitled to a declaratory judgment stating that Plaintiff has satisfied his obligations under the loan. Accordingly, Count Five fails to state a claim upon which relief can be granted, and must be

dismissed.

## I. Count Six - Negligent Misrepresentation

Count Six of the Complaint attempts to state a claim for negligent misrepresentation. According to the allegations, but for the concealment of material facts, Plaintiff would not have entered into the loan. (Dkt. 1-1, ¶ 117.) According to Plaintiff, the material facts that were allegedly concealed include (1) the retention of appraisers to overvalue the Property, which resulted in a monthly loan payment that Plaintiff could not afford, and (2) the registration of the Deed of Trust in the MERS system and the securitization of the loan. (*Id.* ¶¶ 118–20.)

Under Arizona law:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 522; *Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 341 (Ariz. App. 1996) (stating that Arizona courts recognize the tort of negligent misrepresentation as set forth in the Restatement). Plaintiff's claim with respect to alleged misrepresentations concerning the appraisal and origination of the loan are directed against WaMu, who is not a party to this action.[11] None of the Defendants are alleged to have participated in the origination of Plaintiff's loan. Therefore, Defendants cannot be held liable for WaMu's alleged negligent misrepresentations.

With respect to the other alleged negligent misrepresentations, Arizona law does not require a lender to notify a borrower of the transfer of a loan into the secondary mortgage

---

[11] WaMu has been placed into receivership by the FDIC. As discussed in the Motion to Dismiss, pursuant to the Purchase and Assumption Agreement between Chase and the FDIC, Chase did not assume liability for actions that were taken by WaMu in connection with claims by borrowers. (Dkt. 13-1, Ex. C, ¶ 2.5.) Therefore, any claims Plaintiff may have against WaMu must be adjudicated through the FDIC under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). *See* 12 U.S.C. § 1821(d)(13)(D).

- 15 -

market, nor does Arizona law require a lender to provide a borrower with copies of servicing agreements entered into by a lender. Plaintiff has failed to cite any authority to the contrary. Further, the Deed of Trust explicitly provides that the promissory note can be sold one or more times without prior notice to Plaintiff. (Dkt. 13-1, Ex. A, ¶ 20.) In his response to the Motion to Dismiss, Plaintiff does not address the issues raised by Moving Defendants with respect Count Six of the Complaint.

Further, as discussed throughout this Order, there is no evidence that Plaintiff's loan is in the MERS system; therefore, the alleged failure to disclose the registration of the loan in the MERS system fails to state a claim upon which relief can be granted. Additionally, to the extent that Plaintiff asserts a negligent misrepresentation claim based on the "show me the note" theory, UCC-related arguments, or the purported defects in the assignment of the Deed of Trust, the Court has previously discussed how these theories do not support causes of action.

**J.      Count Seven - Concealment and Non-Disclosure**

Count Seven of the Complaint purports to state a claim for fraudulent concealment against Defendants MERS and the Trustee for the Investors in the Mortgage Backed Security; however, the actual allegations of this Count refer generally to "Defendants." Due to Plaintiff's failure to comply with Rule 9(b) of the Federal Rules of Civil Procedure, the allegations are too convoluted to discern a claim. Plaintiff fails to identify the nine elements of fraud with respect to any of the purported instances of fraudulent concealment. Plaintiff's response to the Motion to Dismiss does not aid the Court in deciphering the theory or theories of fraudulent concealment that give rise to Plaintiff's claim. Further, Plaintiff has not addressed any of the pleading deficiencies cited in the Motion to Dismiss.

As set forth above, Rule 9(b) requires fraud be pled with particularity. Under federal law, a plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Plaintiff's general allegations that "Defendants had an obligation to disclose to the Plaintiff, which facts were known to

those Defendants and which facts the said Defendants knew or should have known that the Plaintiff did not know" (Dkt. 1-1, ¶ 131), fail to meet the pleading requirements. Plaintiff has merely put forward broad allegations and legal conclusions without any of the factual specificity that is required for pleading fraud under the federal rules.

To the extent that Plaintiff's claim for fraudulent concealment arises in connection with the origination of the loan, the MERS system, the securitization of the loan, the substitution of the trustee, or the custody of the promissory note, all of these claims fail for the reasons discussed above. Based on the foregoing, Plaintiff has failed to comply with Rule 9(b), and Count Seven does not state a claim upon which relief can be granted.

### K.   Count Eight - Tort/Appraisal Fraud

In Count Eight of the Complaint, Plaintiff attempts to assert a claim against Defendants for WaMu's chosen appraisers, who allegedly were "knowingly inflating home valuations during the boom period." (Dkt. 1-1, ¶ 151.) As discussed above in connection with Count Six, the claim of appraisal fraud is directed against WaMu, who is not a party to this action. None of the Defendants are alleged to have participated in the origination of Plaintiff's loan. Therefore, Defendants cannot be held liable for WaMu's alleged appraisal fraud.

Plaintiff also states allegations against Defendants, who allegedly required "that the appraisal work be hired out to individual appraisers willing to meet their terms, and reaped the benefits of these inflated appraisals." (*Id.* ¶ 152.) These allegations in Count Eight of the Complaint against all Defendants for allegedly fraudulent dealings with appraisers is speculative, and fails to satisfy the pleading requirements of Rule 9(b). Among other significant pleading deficiencies, Plaintiff fails to inform each Defendant separately as to the allegations surrounding that Defendant's participation in the alleged appraisal fraud. *Swartz*, 476 F.3d at 764–65. Accordingly, Count Eight fails to satisfy the pleading requirements of Rule 9(b), and fails to state a claim upon which relief can be granted.

For the reasons set forth above, the Court will dismiss the Complaint for failure to comply with the pleading requirements in Rules 8 and 9(b) of the Federal Rules of Civil

1  Procedure, and for failure to state a claim upon which relief can be granted under Rule
2  12(b)(6) of the Federal Rules of Civil Procedure.

3  **IV.    LEAVE TO AMEND**

4  Plaintiff has not amended, nor sought leave to amend the Complaint as a matter of
5  right pursuant to Rule 15 of the Federal Rules of Civil Procedure. However, leave to amend
6  should be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2). Moving
7  Defendants have requested the Court grant the Motion to Dismiss with prejudice. Yet, the
8  Ninth Circuit has instructed district courts to grant leave to amend, *sua sponte*, when
9  dismissing a case for failure to state a claim, "unless the court determines that the pleading
10 could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122,
11 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). There
12 is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible
13 that the plaintiff can correct the defect.'" *Id.* at 1129 (quoting *Balistreri*, 901 F.2d at 701).

14 To the extent that Plaintiff has asserted a plausible claim for relief, the Court is unable
15 to extract such claim from the irrelevant and lengthy allegations that make up the Complaint.
16 Plaintiff will be given an opportunity to amend his complaint to cure the deficiencies
17 identified in this Order, and to make clear his allegations in short, plain statements. Any
18 amended complaint must conform to the requirements of Rule 8(a), 8(d)(1), and 9(b) of the
19 Federal Rules of Civil Procedure. Plaintiff is cautioned that if he elects to file an amended
20 complaint and fails to comply with the Court's instructions explained in this Order, the action
21 will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See*
22 *McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and
23 redundant amended complaint that did not comply with Rule 8(a)).

24 **V.    ATTORNEY'S FEES & RULE 11 SANCTIONS**

25 Moving Defendants request an award of attorney's fees and costs pursuant to A.R.S.
26 § 12-341.01 and Local Rule 54.2, as well an award of sanctions pursuant to Rule 11 of the
27 Federal Rules of Civil Procedure. The Court will not decide whether attorney's fees and
28 costs should be granted at this time. However, the Court will permit Moving Defendants to

file a motion for sanctions against Plaintiff's counsel pursuant to Rule 11(c)(2) in connection with the factual inaccuracies made by Plaintiff's counsel in the Complaint. *See* Fed.R.Civ.P. 11(b)(2). Alternatively, and because Plaintiff has the opportunity to amend his complaint, Moving Defendants may pursue attorney's fees and costs as provided in Local Rule 54.2 after entry of judgment, if appropriate.

## VI. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss (Dkt. 13) is **GRANTED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint no later than 21 days from the date of this Order. If Plaintiff does not file an amended complaint within 21 days, then the Clerk of the Court shall, without further Court order, dismiss this case with prejudice.

**IT IS FURTHER ORDERED** that Moving Defendants' request for sanctions and an award of attorney's fees and costs is denied without prejudice. Pursuant to Rule 11(c)(2), Moving Defendants may file a motion for sanctions against Plaintiff's counsel. If warranted, the Court will award Moving Defendants' reasonable expenses, including attorney's fees and costs, incurred in defending this action.

**IT IS FINALLY ORDERED** that within 3 days of the date of this Order, Plaintiff's counsel shall mail a copy of this Order to Plaintiff at his last known address.

DATED this 14th day of June, 2011.

James A. Teilborg
United States District Judge

- 19 -