WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas A. Henkels, a single man, | No. CV 11-00299-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| JP Morgan Chase Bank, National Association, Successor in Interest to Washington Mutual Bank, FA, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss First Amended Complaint (Doc. 31). The Motion is fully briefed and the Court now rules on the Motion.

**I.    BACKGROUND**

On or about October 20, 2006, Plaintiff executed a promissory note in the amount of $1,820,000, in connection with a loan from Washington Mutual Bank, FA ("WaMu"). (Doc. 28 at 2). The promissory note was secured by a Deed of Trust recorded against the property located at 11177 East Ironwood Drive, Scottsdale, Arizona 85259 (the "Property"). (*Id.*). The Deed of Trust was executed by Plaintiff, as borrower, in favor of CRC, as trustee, for the benefit of WaMu, as lender and beneficiary. (*Id.*).[1] After the loan was made, Defendant

---

[1] A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Because the exhibits to the Complaint are public records, the Court

1 J.P. Morgan Chase Bank, N.A. ("Chase") acquired certain assets of WaMu, including Plaintiff's loan, by virtue of WaMu being placed into receivership by the FDIC. (*Id.*).

On July 23, 2009, Chase, as successor in interest to WaMu, recorded an Assignment of Deed of Trust, which assigned all beneficial interest in the Deed of Trust to Defendant Bank of America, N.A. ("BOA"). (*Id.* at 2-3). Subsequently, on July 23, 2009, CRC, as trustee under the Deed of Trust, recorded a Notice of Trustee's Sale, which scheduled the sale of the Property for October 23, 2009.[2] (*Id.* at 3). The Notice of Trustee's Sale describes the present beneficiary under the Deed of Trust as BOA, c/o Chase, and lists the current trustee as CRC. (*Id.*) Plaintiff does not dispute that he was in default of his payment obligations when the Notice of Trustee's Sale was recorded by CRC.

Plaintiff filed suit in Maricopa County Superior Court on February 7, 2011. (*Id.*). The Complaint raised claims for breach of contract, payment/satisfaction of promissory note, negligent misrepresentation, concealment and non-disclosure, and tort/appraisal fraud, and sought injunctive and declaratory relief, and compensatory and punitive damages. (*Id.*). Plaintiff received an ex parte temporary restraining order from the Maricopa County Superior Court on February 7, 2011, which expired on February 25, 2011. (*Id.*).  The case was removed to this Court on February 14, 2011. (*Id.*).

On June 14, 2011, this Court granted Defendant's Motion to Dismiss the original Complaint for failure to comply with Federal Rules of Civil Procedure 8 and 12(b)(6) and granted Plaintiff leave to amend. (*Id.*). On July 5, 2011, Plaintiff filed an Amended Complaint (Doc. 29). In the Amended Complaint, Plaintiff has asserted one claim, alleging a violation of Arizona Revised Statutes section 33-420. Based on this violation, Plaintiff seeks relief in the form of: (1) a quiet title against anyone claiming an interest in the property by reason of the false document; (2) an order declaring the Assignment of Deed of Trust

---

may properly take judicial notice of the undisputable facts contained in these documents. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

[2] It appears that the Trustee's Sale has not yet occurred.

- 2 -

1  dated July 23, 2009 forged and groundless within the meaning of Arizona Revised Statutes
2  section 33-420; (3) an order setting aside the assignment of Deed of Trust; and (4) an award
3  of attorneys fees and costs.

## II.   LEGAL STANDARD

Defendant has moved to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

## III.   ANALYSIS

Plaintiff alleges that the Assignment of the Deed of Trust from Defendant Chase, as successor in interest to WaMu, to BOA was forged by an unknown person purporting to be Debra Brignac, Vice President of Chase. Plaintiff alleges that Chase's recording of this forgery is a violation of Arizona Revised Statutes section 33-420. A claim can be brought under this statute by the owner or beneficial title holder of the real property against:

> [a] person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid . . .

ARIZ. REV. STAT. ANN. § 33-420(A).

The Court finds that Plaintiff has failed to state a claim upon which relief can be granted under section 33-420 because Plaintiff lacks standing to bring this action.

**A.     Standing**

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In resolving the issue of standing, courts are bound by a constitutionally imposed jurisdictional restraint in Article III of the United States Constitution, which limits the "judicial power" of the United States to the resolution of "cases" and "controversies." *See Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 470-71 (1982). Courts have viewed the constitutionally imposed restraint found in Article III as requiring that, in order to have standing, the plaintiff must have suffered an "injury in fact." *Id.* at 473. To satisfy Article III's standing requirements, Plaintiff bears the burden of proving that (1) he has suffered "'an injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged act of defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

In this case, Plaintiff has failed to allege an injury that is fairly traceable to the challenged act of Defendant that can be fairly redressed through a favorable decision by this Court. Plaintiff alleges that someone forged the Assignment of the Deed of Trust assigning Defendant Chase's rights in the Deed of Trust to BOA. Plaintiff alleges that as a result of Defendant Chase's recording of this alleged forgery, he is entitled to a quiet title in his name against anyone claiming an interest in the property, an order declaring the assignment of the Deed of Trust invalid, an order setting aside the assignment against all persons who claim an interest in the property, and attorneys' fees and costs.

Even if this Court were to declare the assignment invalid, this Court could not grant Plaintiff the relief he is seeking. Plaintiff alleges that, because of the recording of the alleged forged assignment, he is entitled to avoid foreclosure of the Property and is entitled to avoid any obligation he still owes on the promissory note. Plaintiff has failed to establish that his

- 4 -

1 injury (foreclosure of the Property) is fairly traceable to the challenged act of Defendant
2 (filing a document it allegedly knew to be forgery).

3       Plaintiff executed a promissory note in favor of WaMu in the amount of one million
4 eight hundred and twenty thousand dollars. Plaintiff does not challenge that Defendant
5 Chase, as successor in interest to WaMu, was entitled to assign its interest in the Property to
6 a third party. The Assignment of the Deed of Trust purports to assign the Deed of Trust from
7 Defendant Chase to BoA. If this assignment were fraudulent, Defendant Chase would be the
8 party to have suffered an injury from such an assignment because *its* interest in the note
9 would be compromised. Plaintiff's injury is not fairly traceable to Defendant's conduct and
10 is not redresssable through the relief he seeks because, based on Plaintiff's default,
11 Defendant Chase or its assigns were entitled to initiate foreclosure proceedings and notice
12 a Trustee's Sale on the Property. The identity of the party who initiated these proceedings
13 (whether Defendant Chase or BOA, its purported assignee) does not change Plaintiff's injury
14 and thus, Plaintiff's injury cannot be traced to the alleged fraudulent transfer of the note.[3]

15       If Plaintiff alleged that he was unable to determine which party he owed payments to
16 based on a suspected fraudulent assignment of the note, he would have standing because
17 Plaintiff's own rights would be affected and he would have suffered an injury in fact
18 attributable to Defendant's alleged fraudulent conduct. However, Plaintiff does not make
19 any such allegations. For example, Plaintiff does not allege that the assignment to BOA
20 prevented him from making payments on his note or from determining the valid holder of his
21 note, so that he could make such payments. Even if such facts were alleged, the Court could
22 not properly grant Plaintiff the relief that he requests. Accordingly, Plaintiff has failed to

---

[3] *See Russell v. OneWest Bank, FSB*, No. CV 11-01463-PHX-FJM, 2011 WL 5007958, at *3 (D. Ariz. Oct. 20, 2011) (dismissing Plaintiff's claim based on an alleged violation of Arizona Revised Statutes section 33-420 because Plaintiff failed to establish standing when an assignment was allegedly forged because he defaulted on his note, and, thus was "neither involved with nor affected by the assignment and substitution."); *In re Mortgage Electronic Registration Systems (MERS) Litig.*, MDL Docket No. 09-2119-JAT, 2011 WL 4550189, at *5 (D. Ariz. Oct. 3, 2011) (same).

plead that he suffered an injury in fact that is attributable to Defendant's alleged misconduct or is redressable by the relief he seeks in this action. Accordingly, Plaintiff lacks standing to challenge the alleged violation of section 33-420.

## IV. LEAVE TO AMEND

It appears that Plaintiff has requested leave to amend his Amended Complaint should the Court find that dismissal is appropriate. (Doc. 34 at 4). However, granting leave to amend is inappropriate if the court determines " that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). Plaintiff does not have standing to bring his claim because he has failed to allege an injury fairly attributable to Defendant's conduct and has failed to allege remedies that could be properly granted by the Court as a result of such conduct. Plaintiff has already been granted leave to amend once and has again failed to present the Court with any claims upon which relief can be granted. Accordingly, the Court finds that granting Plaintiff leave to amend would be futile.

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss First Amended Complaint (Doc. 31) is granted. The Clerk of the Court shall enter judgment for Defendant.

DATED this 3rd day of January, 2012.

James A. Teilborg
United States District Judge